UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WAYNE ALSTON,

    Plaintiff,

vs.                                        Case No. 3:09-cv-907-J-25MCR

FLORIDA DEPARTMENT OF CHILDREN AND
FAMILIES,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's pro se Second Amended Complaint (Doc. 7) and Affidavit of Indigency (Doc. 2), which the Court construes as a Motion to Proceed In Forma Pauperis.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed in forma pauperis is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

An in forma pauperis complaint is considered frivolous if the Court determines the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989). In reviewing the Complaint, the undersigned applied "the liberal construction to which pro se pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute for establishing a cause of action. See GJR Investments, Inc. v. County of Escambia Florida, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff's Second Amended Complaint attempts to state a claim against the Florida Department of Children and Families ("DCF") for denial of Plaintiff's application for food stamps. Back on September 21, 2009, Plaintiff filed an Amended Complaint similarly alleging the DCF violated Title VII of the Civil Rights Act of 1964 ("Title VII") by discriminating against him on the basis of his race in the denial of his application for food stamps. (Doc. 4). The Court took Plaintiff's request to proceed in forma pauperis under advisement and instructed Plaintiff that his Complaint failed to state a cause of action. (Doc. 6). Specifically, Plaintiff was advised that "while 'Title VI prohibits racial discrimination under any program or activity receiving federal funding[,]' it 'is limited in its application to employment practices. A private right of action for an employment practice arises only when the primary objective of the Federal financial assistance is to provide employment.'" (Doc. 6, p.3) (citations omitted). The Order noted that Plaintiff had failed to allege that the primary purpose of the funding received by the DCF was to provide employment and had failed to provide any explanation as to

how Defendant's conduct "amounted to discrimination against him by reason of his race, color, or national origin." (Doc. 6, p.4). Plaintiff was provided with an opportunity to file an amended complaint by October 9, 2009. (Doc. 6, p.5).

On October 1, 2009, Plaintiff filed a Second Amended Complaint. (Doc. 7). While this Complaint certainly provides more details, it still fails to state a cause of action. The Second Amended Complaint contains no specific reference to Title VII, however, Plaintiff continues to allege he was discriminated against on the basis of his marital status and his race. As the earlier Order noted, Title VII "is limited in its application to employment practices." (Doc. 6, p.3). Indeed, Title VII makes it unlawful for an **employer** to discriminate against an **employee** with respect to any of the terms, conditions, or privileges of employment because of the employee's race, color, religion, sex, or national origin or because the employee filed a complaint of discrimination. See 42 U.S.C. §2000e-2(a). Title VII only creates a cause of action against employers who allow discrimination to injure their employees in the workplace. See Storey v. Rubin, 976 F. Supp. 1478, 1484 (N.D. Ga. 1997) (holding "Title VII and the ADEA create causes of action against only the employers of individuals injured by acts of discrimination in the workplace"). Because Plaintiff has not alleged he was an employee of the DCF, he cannot state a claim of discrimination against the DCF under Title VII.

Accordingly, it is respectfully

**RECOMMENDED**:

Plaintiff's application to proceed without prepayment of fees contained in his Affidavit of Indigency (Doc. 2) be **DENIED** and the complaint be **DISMISSED without prejudice** to Plaintiff filing a paid complaint.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this 15th day of October, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Henry Lee Adams, Jr.,
 United States District Judge

Pro Se Plaintiff